UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED

JUN 12 2017

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

WADE B. SATTERFIELD,

        Plaintiff,

v.                                      Civil No. 2:16cv665

CITY OF CHESAPEAKE,
CAPTAIN CHARLES HORNE,
SERGEANT JACK BIDER,
LIEUTENANT KEVIN HAMMOND,
and
COLONEL K.L. WRIGHT,

        Defendants.

## MEMORANDUM ORDER

This matter is before the Court on a Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(4) and (5) and 4(m), filed by Defendant Captain Charles Horne and Defendant Colonel K.L. Wright. ECF No. 21. For the reasons set forth below, the Court **DENIES** the Motion to Dismiss, and **GRANTS** Plaintiff an extension of time to serve process.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On November 17, 2016, Plaintiff Wade B. Satterfield ("Plaintiff") filed a Complaint against defendants Captain Charles Horne, Sargent Jack Bider, Lieutenant Kevin Hammond, Colonel K.L. Wright, and the City of Chesapeake Police Department. ECF No. 1. Plaintiff alleged racial discrimination

in the course of his employment with the City of Chesapeake Police Department ("Police Department"). Id. ¶ 3. Plaintiff claims that this discrimination led to Plaintiff's transfer out of the Criminal Investigations Unit of the Police Department. Id.

Plaintiff did not serve the Complaint upon any of the five defendants within 90 days of filing the Complaint, as required by Rule 4(m) of the Federal Rules of Civil Procedure. ECF No. 22, at 2. On February 16, 2017, the Court issued a Show Cause Order, directing Plaintiff to "show cause, if any, why this civil action should not be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure." ECF No. 8. Plaintiff filed a response, explaining, among other reasons, that he delayed service while he was attempting transfer to a different police precinct due to "extreme hostility at work" subsequent to the filing of his Complaint, and had sought the home addresses of defendants "in an effort to avoid service [on defendants] during Plaintiff's workday at the precinct." ECF No. 9, at 1. At Plaintiff's request, the Court granted Plaintiff an extension of time until March 14, 2017, to serve process on all defendants. ECF No. 10.

In order to accomplish this service, Plaintiff hired Hester Services, a private process server. ECF No. 33, at 3. Hester Services employs process servers who are members of the

Commonwealth of Virginia Association of Professional Process Servers (CoVAPPS). Summons, ECF No. 18. On March 8, 2017, Hester Services attempted to serve all five defendants at the Police Department Headquarters. ECF No. 22, at 2. Hester Services delivered the summons and complaints to a receptionist. Because service was not made personally on each defendant, and, alternatively, was not delivered to their home addresses, as required by Rule 4(e), Plaintiff failed to properly serve the four individual police officers.[1] Id. at 2-3. On March 10, 2017, by leave of the Court, Plaintiff amended the summonses to serve the remaining four defendants at their personal residences. ECF Nos. 13-16. The defendants' home addresses were obtained from the Police Department's roster listing each officer's name, telephone number, and home address. ECF No. 20, at 1.

After this amendment, Plaintiff again hired Hester Services to serve process on the defendants. ECF No. 33, at 2. Hester Services served defendants Bider and Hammond, ECF No. 18, but was not able to serve Defendant Horne because his address was

---

[1] Plaintiff's brief indicates that the initial attempt to serve process failed for all five defendants, including the Police Department. ECF No. 33, at 3. However, the summons for the Police Department was never amended by the Plaintiff and service was not challenged by the Police Department. See Summons, ECF No. 17. Instead, the Police Department argued that it was an improper party to sue because the proper party was the City of Chesapeake. Def. Police Dept.'s Mot. to Dismiss, ECF No. 27. On April 10, 2017 Plaintiff filed a motion to amend the Complaint in order to substitute the City of Chesapeake as a defendant in place of the Police Department. ECF No. 31. The Court granted that motion on May 31, 2017. ECF No. 48.

3

listed incorrectly on the Police Department roster, ECF No. 20, at 1, and was not able to serve Defendant Wright because his address was not listed on the Police Department roster, ECF No. 44, at 1. Thus, Plaintiff did not properly serve Defendant Horne and Defendant Wright by the March 14, 2017 deadline imposed by this Court's order. ECF No. 22, at 2. Subsequent to the Court's deadline, Plaintiff filed a motion to amend Defendant Horne's summons in order to correctly list his home address, and requested an extension of time to serve the amended summons. ECF No. 20. The following day, Defendant Horne and Defendant Wright filed a Motion to Dismiss Pursuant to Rules 12(b)(4) and (5) and 4(m) of the Federal Rules of Civil Procedure, due to ineffective service of process. ECF No. 21.

The Court granted Plaintiff's motion to amend Defendant Horne's summons, ECF No. 24, and Plaintiff hired Hester Services to serve Defendant Horne at his home address, ECF No. 33, at 3. On April 10, 2017, Defendant Horne was personally served with process. ECF No. 38. On the same day, Plaintiff filed his response in opposition to the Motion to Dismiss, requesting a time extension in order to serve process, ECF No. 32, arguing in his brief in support that he had good cause for a time extension based on his diligent efforts through Hester Services to serve process on defendants, ECF No. 33. On April 24, 2017, Defendant Horne and Defendant Wright filed their reply brief. ECF No. 41.

4

Plaintiff continued to seek the "whereabouts" of Defendant Wright, and Hester Services conducted a skip trace to locate Defendant Wright's home address. ECF No. 33, at 3. On May 9, 2017, Plaintiff filed a Motion to Amend and Serve Corrected Summons with regard to Defendant Wright. ECF No. 44. In his motion, Plaintiff stated that Defendant Wright was the only remaining unserved defendant and that on May 5, 2017, "a home address for Defendant Wright was obtained." Id. at 1. Plaintiff requested that the Court allow him to amend the summons pertaining to Defendant Wright and grant him "an extension of time to immediately serve the Defendant." Id. at 2. On May 16, 2017, the Magistrate Judge granted Plaintiff's request to amend the summons for Defendant Wright, but did not address Plaintiff's request for an extension of time to serve Defendant Wright. ECF No. 46. This summons has not been returned executed.

Thus, pending before the Court is Defendant Horne and Defendant Wright's Motion to Dismiss. ECF No. 21. Having been fully briefed, this matter is ripe for review.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 4(m) provides that if a plaintiff does not effectively serve process within ninety days of filing a complaint, then the court "must dismiss the action without prejudice against that defendant or order that the

service be made within a specified time." Fed. R. Civ. P. 4(m).
However, if "the plaintiff shows good cause for the failure, the
court must extend the time for service for an appropriate
period."[2] Id.

Rule 4(m) does not define "good cause," which is a "legal
term of art." Robinson v. G.D.C., Inc., 193 F. Supp. 3d 577,
580 (E.D. Va. 2016). Courts define legal terms of art by their
"established meaning in the legal context." Id. (citing
McDermott Int'l Inc. v. Wilander, 498 U.S. 337, 342 (1991)).
Black's Law Dictionary defines good cause as "[a] legally
sufficient reason . . . to show why a request should be granted
or an action should be excused." Cause, Black's Law Dictionary
(10th ed. 2014).

"Good cause requires a showing that the plaintiff made
reasonable and diligent efforts" to serve process before the

---

[2] There appears to be some debate within this circuit whether a district court
also has authority to grant an extension of time in the absence of good
cause. The Court of Appeals for the Fourth Circuit held in Mendez v. Elliot
that a district court could only grant an extension to serve process if the
plaintiff is able to prove good cause. 45 F.3d 75, 79 (4th Cir. 1995).
However, the following year, the Supreme Court of the United States noted in
dicta that courts have discretion to grant extensions "even if there is no
good cause shown." Henderson v. United States, 517 U.S. 654, 662-63 (1996)
(citing Advisory Committee's Notes on Fed. R. Civ. P. 4, 28 U.S.C. App., p.
654). Since then, the Fourth Circuit has addressed the issue in different
ways in unpublished opinions. Compare Hansan v. Fairfax Cty. Sch. Bd., 405
F. App'x 793, 794 (4th Cir. 2010) (affirming district court's dismissal of a
case because plaintiff failed "to establish good cause or excusable neglect"
to justify the delay in serving defendant); with Giacomo-Tano v. Levine, 199
F.3d 1327 (4th Cir. 1999) (Table Decision) ("Even if a plaintiff does not
establish good cause, the district court may in its discretion grant an
extension of time for service."). Because the Court concludes that there is
good cause to grant Plaintiff an extension of time to serve process, the
Court is not required to determine whether it alternatively has authority to
grant an extension of time even in the absence of good cause.

deadline. Galindo v. ASRC Fed. Holding Co., LLC, No. GJH-15-940, 2016 WL 2621949, at *2 (D. Md. May 5, 2016). As a fact specific evaluation, courts look at a variety of factors to determine if good cause exists to grant the plaintiff an extension of time to serve process. Scott v. Md. State Dep't of Labor, 673 F. App'x 299, 306 (4th Cir. 2016) ("[T]he question of what constitutes 'good cause' necessarily is determined on a case-by-case basis within the discretion of the district court[.]"); see Mendez v. Elliot, 45 F.3d 75, 79-80 (4th Cir. 1995) (affirming a district court's good cause determination unless its findings were "clearly erroneous"). In an unpublished case, the United States Court of Appeals for the Fourth Circuit recently noted six factors that district courts consider to determine good cause for an extension of time to serve process: (1) whether the delay was outside plaintiff's control; (2) whether the defendant was evasive; (3) whether the plaintiff acted diligently or made reasonable efforts to serve process; (4) whether the plaintiff is pro se or in forma pauperis; (5) whether the defendant would be prejudiced by an extension; and (6) whether the plaintiff asked for an extension of time before the deadline. Scott, 673 F. App'x at 306.

### III. DISCUSSION

Defendant Horne and Defendant Wright request that the Court dismiss this case because Plaintiff failed to effectively serve

process within the time extension that the Court granted, Defs. Horne & Wright's Mot. to Dismiss, ECF No. 21, arguing that Plaintiff has not been diligent in attempting to serve process, Defs. Horne & Wright's Reply Br. 2, ECF No. 41. Plaintiff argues that this Court should not dismiss his case with regards to Defendant Horne and Defendant Wright due to his diligent and repeated efforts to serve these defendants. Pl.'s Resp. Br. 3, ECF No. 33.

The Court considers the parties' respective arguments and the facts of this case in light of the six factors that the Fourth Circuit enumerated in Scott. 673 F. App'x at 306. The Court first evaluates whether the delay was within the plaintiff's control. Id. Courts generally do not deny extensions to plaintiffs when they trust third parties to effectively serve process and service of process is part of the third party's occupation. See 4B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1137 (4th ed. 2017) ("[G]ood cause is likely (but not always) to be found when the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person[.]"); Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995) (holding that failure to serve process by Marshals Service was good cause for the purposes of Rule 4(m) if the Marshals Service could have obtained the defendants' addresses with reasonable effort but

failed to do so); Bacon v. City & Cty of San Francisco, No. C04-3437, 2005 WL 1910924, at *3-4 (N.D. Cal. Aug. 10, 2005) (finding good cause for an extension when a private process server had diligently attempted service). Here, Plaintiff hired a third party, Hester Services, to serve process on defendants. Hester Services has attempted to serve defendants personally at their place of employment and has attempted to serve defendants at their home addresses. The delay in serving process does not appear to be within Plaintiff's control, and thus this factor weighs in favor of granting an extension to serve process.

The second factor this Court considers is whether the defendants evaded service. Scott, 673 F. App'x at 306. Plaintiff has not argued that Defendant Horne or Defendant Wright evaded service. However, the Court notes that, based on Plaintiff's representations, a partial reason that service of process was delayed was because the Police Department records to which Plaintiff looked contained inaccurate information regarding Defendant Horne and Defendant Wright's home addresses. While there is no assertion that the omission and inaccuracy of information provided to Plaintiff was caused by the defendants, the Court notes that Plaintiff acted reasonably in seeking out resources that would list the defendants' home addresses. See Palmer v. Taylor, No. CIV. 06-576-SLR, 2008 WL 2572810, at *2 (D. Del. June 26, 2008) (finding good cause for an extension of

time to serve process when an incarcerated individual had difficulty obtaining the defendants' addresses). Therefore, this factor is neutral.

The Court next considers factor three—the diligence of the plaintiff in attempting to serve process. See Chen v. Mayor & City Council of Baltimore, 292 F.R.D. 288, 293 (D. Md.), aff'd, 546 F. App'x 187 (4th Cir. 2013) (requiring plaintiff to show "reasonable and diligent efforts to effect service" in order to justify good cause extension); T & S Rentals v. United States, 164 F.R.D. 422, 426 (N.D.W. Va. 1996) (same). In evaluating Plaintiff's diligence, the Court notes Plaintiff's continued efforts to serve process on Defendant Horne after the Court's deadline had passed and Plaintiff's use of a skip trace to locate Defendant Wright.

Despite the Court's extended deadline passing without Plaintiff successfully serving either Defendant Horne or Defendant Wright, Plaintiff did not cease his efforts to serve process. Instead, having located Defendant Horne's correct home address, Plaintiff filed a motion to amend summons to correctly list Defendant Horne's address, and requested an extension of time to serve the amended summons. Pl.'s March 28, 2017 Mot. to Amend & Serve Corrected Summons, ECF No. 20. Plaintiff hired Hester Services to serve process on Defendant Horne on the same day that the Court granted Plaintiff's motion to amend the

10

summons. Pl.'s Resp. Br. 3. On April 10, 2017, Defendant Horne was personally served with process. Am. Summons, ECF No. 38. Plaintiff's diligent efforts to serve Defendant Horne even after the Court's deadline weigh in favor of finding good cause. Cf. Venable v. Dep't of Corr., No. 3:05-cv-821, 2007 WL 5145334, at *1 (E.D. Va. Feb 7, 2007) (declining to grant an extension to serve process when an incarcerated plaintiff made no attempt to discover defendant's address beyond merely asking the Virginia Department of Corrections for the address); Tann v. Fisher, 276 F.R.D. 190, 194 (D. Md.), aff'd, 458 F. App'x 268 (4th Cir. 2011) (declining to grant an extension after plaintiff's service of process was deficient and plaintiff made only "one follow-up effort" which was "leagues below" the effort required for a "diligent effort[]").

The Court also finds that Plaintiff has diligently attempted to serve Defendant Wright. After failing to serve Defendant Wright by the Court's extended deadline, Plaintiff continued to seek the "whereabouts" of Defendant Wright, and Hester Services conducted a skip trace[3] to locate Defendant

---

[3] "A 'skip trace' is a generic term for varied private [investigation] techniques of tracking down missing persons. Some methods include use of public information, last known addresses, Department of Motor Vehicle information, financial information, talking with neighbors, etc." Pilone v. Basik Funding Inc., No. CIV.05 3798 AET, 2007 WL 203948, at *4 n.3 (D.N.J. Jan. 24, 2007).

Wright's home address.[4]  Pl.'s Resp. Br. 3; see HTS v. Boley, 954
F. Supp. 2d 927, 938 (D. Ariz. 2013) (noting that part of
plaintiff's diligent efforts to serve process included a skip
trace); D.R.I., Inc. v. Dennis, No. 03 CIV. 10026 (PKL), 2004 WL
1237511, at *1 (S.D.N.Y. June 3, 2004) (holding that a
plaintiff's use of a skip trace was part of its "diligent
effort[]" to serve process on the defendant); DirecTV, Inc. v.
Chan, No. SA-03-CV-417-RF, 2004 WL 2616304, at *4 (W.D. Tex.
Nov. 16, 2004) (holding that good cause for an extension of time
to serve process existed after plaintiff relied upon information
received in a skip trace).  On May 9, 2017, Plaintiff filed a
Motion to Amend and Serve Corrected Summons with regard to
Defendant Wright, notifying the Court that Defendant Wright was
the only remaining unserved defendant, and that on May 5, 2017,
"a home address for Defendant Wright was obtained."  Pl.'s May
9, 2017 Mot. to Amend & Serve Corrected Summons 1, ECF No. 44.
The Magistrate Judge granted Plaintiff's request to amend
Defendant Wright's summons, though the summons has not yet been
returned executed.  In light of Plaintiff's successful effort to
serve Defendant Horne, and the substantial efforts that he has

---

[4] Defendant Horne and Defendant Wright appear to imply that Hester Service has
not made diligent efforts because defense counsel was able to locate
defendants' home addresses within 30 minutes.  Defs. Horne & Wright's Reply
Br. 3.  However, because it is unclear to the Court what methods defense
counsel used and as it is possible that defense counsel would have incurred
less resistance in acquiring this information than Plaintiff would have
incurred, the Court does not rely on this representation in its determination
of good cause.

made towards serving Defendant Wright, the Court finds that Plaintiff has been diligent in his efforts to serve process, and concludes that this factor weighs in favor of good cause to grant an extension of time to serve process.

Finally, the Court also considers factor four (whether Plaintiff is pro se), factor five (whether defendants will suffer prejudice), and factor six (whether plaintiff requested an extension before the deadline). Scott, 673 F. App'x at 306. Plaintiff is not pro se, and therefore this factor does not weigh in his favor. With respect to factor five, potential prejudice, Defendant Horne and Defendant Wright are unlikely to suffer prejudice from an additional extension to serve process because Defendant Horne has already been served and Defendant Wright appears to have actual notice of this lawsuit because he has filed a motion to dismiss and the same counsel represents all defendants.[5] Pl.'s Reply Br. 4. Therefore, the fifth factor weighs in favor of finding good cause to extend the time to serve process. Last, the Court recognizes that while Plaintiff has repeatedly requested an extension to serve process, Plaintiff made these requests after the Court's March 14, 2017 deadline. See Pl.'s March 28, 2017 Mot. to Amend & Serve

---

[5] In their reply brief, Defendant Horne and Defendant Wright argue that they would be prejudiced by allowing Plaintiff an extension to serve process because they are not proper defendants in this case. Defs. Horne & Wright's Reply Br. 4. However, the Court does not address this argument because it was raised in defendant's reply brief and therefore Plaintiff did not have an opportunity to respond to this argument.

13

Corrected Summons (requesting leave to amend summons of Defendant Horne and an extension of time to serve process); Pl.'s May 9, 2017 Mot. to Amend & Serve Corrected Summons (requesting leave to amend summons of Defendant Wright and an extension of time to serve process). Therefore, the sixth factor, whether Plaintiff requested an extension before the deadline, weighs against Plaintiff.

## IV. CONCLUSION

Having evaluated the relevant factors, the Court finds that Plaintiff's repeated attempts to serve Defendant Horne and Defendant Wright through a private process server indicate good cause to grant an extension to serve process. Additionally, Rule 1 of the Federal Rules of Civil Procedure instructs courts to make a "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Dismissing Defendant Horne's case without prejudice after Plaintiff had already served him would be inefficient, as Plaintiff could simply re-file. Therefore, the Court **DENIES** Defendant Wright and Horne's Motion to Dismiss, ECF No. 21, **DEEMS** Defendant Horne to have been timely served, and **GRANTS** Plaintiff an extension until July 10, 2017 to serve Defendant Wright. The Court also **GRANTS** Defendant Horne fourteen days to file a responsive pleading from the date of this Memorandum Order. See Robinson, 193 F. Supp. 3d at 585 ("Defendants' failure to file a

14

responsive pleading while litigating the Rule 4(m) issue . . .
is sufficient to establish excusable neglect justifying an
extension of time to file pursuant to Rule 6(b)." (citing
Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship., 507
U.S. 380, 392 (1993))).

The Clerk is **REQUESTED** to send a copy of this Memorandum
Order to counsel for Plaintiff and to counsel for defendants.

**IT IS SO ORDERED.**

/s/ Mark S. Davis

Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
June 12 , 2017

15